UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antwan Manick, )<br>)<br>                                   Plaintiff,  )<br>)<br>vs.  )<br>)<br>Tony Gary; )<br>Greenwood City Police Department; )<br>Greenwood County Detention Center, )<br>)<br>                               Defendants.  )<br>_____) | C/A No. 8:13-297-JMC-KFM<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, a pre-trial detainee at the Greenwood County Detention Center, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated. He has also filed an application to proceed *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b) and (e) DSC, this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se*, and to submit findings and recommendations to the District Court. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B).

*Pro Se* and *In Forma Pauperis* Review

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).  The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Facts Presented

According to the Complaint, as amended, Defendant Tony Gary wrongfully arrested Plaintiff after an "improper investigation." (ECF No. 1 at 3.) During his time at the Greenwood County Detention Center, Plaintiff was given "things" to which he is allergic, although these items are listed in his medical records. (*Id.*; *see also* ECF No. 14 at 4.) Plaintiff asks that this Court award him $100,000 for the pain caused his family by Defendant Gary's wrongful actions. He also requests that Defendant Gary be removed from the police force and "never be hired again by any agency dealing with law enforcement." (ECF No. 1 at 4.) Plaintiff further asks that his charge be expunged from his record and for his release from jail. Lastly, Plaintiff wishes to have some "high authority to come to make sure things are done according to the book in the Police department, Sheriff Office & Detention Center." (*Id.*)

Discussion

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Greenwood County Detention Center is not a legal entity amenable to suit for constitutional claims. "[P]laintiffs seeking redress for federal constitutional violations by persons acting under color of state law (§ 1983 causes of

3

action) may not sue inanimate buildings such as jails or detention facilities." *Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007). Accordingly, the Detention Center is not a proper party to this action.

With regard to Defendant Greenwood City Police Department, the doctrine of respondeat superior is unavailable under § 1983; a municipality is responsible for a violation of a constitutional right only if the entity, by its own actions, proximately caused the violation. *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978). Official liability will attach under § 1983 only if execution of an official policy or custom violates the plaintiff's constitutional rights and inflicts injury. *Gantt v. Whitaker*, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)). A proper analysis requires separation of two different issues when a claim under § 1983 is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city was responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Complaint makes no assertion that Plaintiff's alleged constitutional violation(s) was caused by any policy or custom of Defendant Police Department.

As to Defendant Gary, to the extent that Plaintiff contends he is the subject of illegal seizure or false arrest, his claim fails. Plaintiff's arrest was pursuant to facially valid warrants. (*See* ECF No. 14-1 at 1, 11.) The Fourth Circuit has held that "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998).

To the extent that Plaintiff attempts to bring a claim for malicious prosecution, there is no such independent cause of action under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). In order for a plaintiff to state a § 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Plaintiff has not yet gone to trial or otherwise had his criminal proceedings terminated; hence, he cannot yet bring a malicious prosecution claim.

With regard to Plaintiff's request that he be released from imprisonment, such request must be presented in a petition for a writ of habeas corpus, after state court remedies have been exhausted. *See Heck v. Humphrey*, 512 U.S. 477, 498 (1994) (holding that release from prison is not a remedy available under 42 U.S.C. § 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (ruling that habeas corpus is the exclusive federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Further, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 153–54 (4th Cir. 2003) (discussing *Younger*). In *Younger*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the

5

most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted).

From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In Plaintiff's case, the first prong of the abstention test is satisfied as he is currently awaiting trial in ongoing state criminal proceedings. The Supreme Court addressed the second criterion in *Kelly v. Robinson*, 479 U.S. 36 (1986), noting that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Id*. at 49. It has also addressed the third criterion in holding that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Consequently, this Court should refrain from interference in Plaintiff's criminal case.

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

March 6, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).