# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| Marcus Antwan Manick, ) | |
| ) | Civil Action No. 8:13-00297-JMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Tony Gary; Greenwood City Police ) | |
| Department; Greenwood County Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 17], filed on March 6, 2013, recommending that Plaintiff's Complaint [Dkt. No. 1] in the above-captioned case be dismissed without prejudice. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Plaintiff's Complaint [*Id.*] *without prejudice*.

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) (2009), and Local Rule 73.02(B)(2)(b) and (e) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). "[I]n the absence of a timely filed objection," however, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there

1

is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

Plaintiff was advised of his right to file objections to the Report. [Dkt. No. 17 at 8]. Plaintiff timely filed objections to the Report on March 27, 2013. [Dkt. No. 26].

Objections to the Report must be specific. Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In order to warrant *de novo* review, Plaintiff's objections must do more than merely restate his or her claims.

## DISCUSSION

Upon review of Plaintiff's objections to the Report, the court finds that when construed liberally, some of Plaintiff's objections are specific. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, these objections do not change the outcome of the Magistrate Judge's analysis. Plaintiff claims that he was convicted of "slapping [his wife]," but that this action was not listed on his arrest warrant. [Dkt. No. 26 at 1]. Regardless of what was explicitly listed on his arrest warrant, this warrant was still facially valid. [*See* Dkt. No. 26-1; *see also* Dkt. No. 17 at 4]. Thus, Plaintiff's claim for illegal seizure or false arrest still fails. [*See* Dkt. No. 17 at 4].

Plaintiff further objects that he is not "waiting trial any longer on [this] case." [Dkt. No. 26 at 1]. Because Plaintiff's address has recently changed from the Greenwood County

2

Detention Center in Greenwood, SC, to the Kirkland Reception and Evaluation Correctional Institution in Columbia, SC, [Dkt. Nos. 19, 22, 24], and because Plaintiff makes reference to a trial transcript and a sentencing sheet, [Dkt. No. 26 at 1], the court assumes that he has plead guilty in a sentencing hearing or has gone to trial.  Although it appears that criminal proceedings regarding this matter have terminated since the Report was filed, these proceedings have not terminated in Plaintiff's favor.  Thus, Plaintiff's claim for malicious prosecution still fails. [*See* Dkt. No. 17 at 5.]

Despite the fact that criminal proceedings regarding this matter have apparently terminated, federal abstention from Plaintiff's criminal case remains appropriate. [Dkt. No. 17 at 6.]  While ongoing, these proceedings did implicate the State of South Carolina's interest in administering its criminal justice system free from federal interference.  [*See id.*]  Moreover, Plaintiff has not shown any narrow or extraordinary circumstances that would merit federal intervention in this matter to release Plaintiff from imprisonment or to expunge his charge from his record, nor has he claimed a lack of adequate opportunity to raise federal claims in the previous state proceedings.  [*See id.* at 5-6.]  Regardless, a request for release from imprisonment must be presented in a petition for a writ of habeas corpus, after state remedies have been exhausted—not in an action pursuant to 42 U.S.C. § 1983, as Plaintiff has done here. [*See id.* at 5.]

Plaintiff's remaining objections are either mere restatements of previous claims or are wholly unrelated to the dispositive portions of the Report.  Plaintiff's objections regarding the causes of action he has brought and the relief he has sought are restatements of claims originally alleged in the Complaint.  [Dkt. No. 26 at 1; Dkt. No. 17 at 3.]  Plaintiff's requests for "some type of release on what [he is] currently doing time for;" that "this charge be expunged from

[his] record;" to have Mr. Gary "removed from the police force" and never "hired again by any agency dealing with law enforcement;" and for "high authorites" to "make sure things are done according to the book in the police department, Sheriff Office, and Detention Center" are restatements of requests Plaintiff made previously in the Complaint. [*Id.*] (all spelling, grammar, and capitalization are Plaintiff's).

Plaintiff's objection that "a warrant was never served on [his wife]" for "inflict[ing] bodily harm to [him]" and his statement that he is "currently trying to retrieve [the] transcript of [his] trial and [his] sentencing sheet" are wholly unrelated to the dispositive portions of the Report. [Dkt. No. 26 at 1] (all grammar is Plaintiff's). It should also be noted that if Plaintiff wishes to pursue these matters, he must do so through the state court system.

The court also finds that the Report [Dkt. No. 17] provides an accurate summary of the facts and correctly states the law in the instant case.

## CONCLUSION

Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 17]. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] in the above-captioned case is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 10, 2013
Greenville, South Carolina

4